IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. GRADY PAUL GATLIN

**Appeal from the Circuit Court for Marshall County**
**No. 14186     Charles Lee, Judge**

---

**No. M2000-02356-CCA-R3-CD - Filed September 25, 2001**

---

The Defendant, Grady Paul Gatlin, was convicted by a jury of possession with intent to sell a schedule IV controlled substance, possession with intent to sell a schedule II controlled substance, possession of drug paraphernalia, and conspiracy to possess with intent to sell a schedule II controlled substance. In this appeal as of right, the Defendant argues (1) that the evidence introduced at trial was insufficient to prove that the Defendant intended to sell controlled substances and (2) that it was plain error for the trial court to fail to instruct the jury on the lesser included offense of casual exchange. We reverse the Defendant's convictions for possession with intent to sell a controlled substance and also his conviction for conspiracy to possess with intent to sell a controlled substance. The Defendant's conviction for possession of drug paraphernalia remains unaffected.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Remanded

DAVID H. WELLES, J., delivered the opinion of the court. JAMES CURWOOD WITT, JR., J., filed a concurring and dissenting opinion. JOE G. RILEY, J., filed a dissenting opinion.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Grady Paul Gatlin.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Mike McCowen, District Attorney General, and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The proof at trial established that the Defendant and his former wife, Judy Doggett, stayed in room 110 at the Celebration Inn in Lewisburg from December 21 to December 30, 1999. Their friend, Phil Bowden, was in the room daily and stayed overnight on at least two occasions. The Defendant was the person who actually rented the room.

On December 30, 1999, Detective Kevin Clark with the Lewisburg Police Department received information that drugs were being sold in room 110 at the Celebration Inn. Det. Clark discovered through investigation that the room was rented to the Defendant. He also discovered that Judy Doggett and Phil Bowden were staying in the room. After receiving this information, Det. Clark contacted the 17th Judicial District Drug Task Force for assistance in investigating room 110. Director Tim Lane, Assistant Director Shane Daugherty, and Agent Jeff Duncan from the drug task force arrived to assist Det. Clark. Deputy Jeff Poarch from the Marshall County Sheriff's Department also participated.

The police officers set up surveillance of room 110. Three officers were inside the hotel room adjacent to room 110, while two officers watched the room from a car across the street. An informant was sent into the room to see who was there. Judy Doggett answered the door and told the informant, who asked for the Defendant, that the Defendant was not there. The informant then left. According to Det. Clark, he and Director Lane were observing the room from a car across the street and saw the Defendant's vehicle coming down the street. The vehicle did not stop at the hotel, so the officers followed it. The vehicle drove to a market just down the street, and the passenger got out and went inside. The passenger returned, and the vehicle drove back to the Celebration Inn, where it parked directly in front of room 110. Both occupants exited the vehicle, and the officers from inside the adjacent room and the officers who had been following the vehicle approached. The Defendant was then arrested on an outstanding arrest warrant for misdemeanor theft. Both the Defendant and Phil Bowden, the passenger, were "patted down," and a bottle of water was found on each of them. A search of the car produced some "tie-offs," which are rubber strips that are used to tie around a person's arm to reveal the veins in the arm prior to an injection. As explained by several of the officers, illegal drug users will use these "tie-offs" prior to injecting themselves; often the injections will consist of crushed pills dissolved in water.

After the Defendant was arrested, he told Director Lane he was renting room 110. By this time, Judy Doggett had come out of the room to see what was happening. Director Lane testified that he asked the Defendant if they could go inside the room to "talk in private," and the Defendant agreed. According to Director Lane, he explained to the Defendant why he had been arrested and then asked for consent to search the room. Director Lane asserted that he told the Defendant that the Defendant had the absolute right to refuse any search of the room, but the Defendant consented. A search of the room revealed numerous pills, syringes, and "tie-offs," which were located in the dresser drawers, between the mattresses, and in Judy Doggett's purse. Assistant Director Shane Daugherty, who was assigned the task of collecting and cataloging the evidence, testified that seventy-five pills, twenty-five syringes, and a "tie-off" were discovered in the search. Ms. Doggett also had $210 in her purse.

Donna Flowers of the Tennessee Bureau of Investigation's crime laboratory was certified as an expert in forensic chemistry and drug identification, and she testified that she tested the pills recovered in this case for controlled substances. She asserted that twenty-six pills were identified as alprazolam, commonly known as Xanax, which is a schedule IV controlled substance. Twenty-

seven pills were identified as hydromorphone, commonly known as Dilaudid, which is a schedule II controlled substance. The remaining pills tested contained no controlled substances.

Following the search of room 110, the Defendant was transported to the Marshall County Jail, where Director Lane informed him of his rights. The Defendant executed a waiver of rights form and agreed to make a statement. According to Director Lane, the Defendant admitted that he was a Dilaudid addict. The Defendant asserted that he and Judy Dogget had been staying in room 110 for about a week, and during that time, the Defendant and Phil Bowden made a number of trips to Nashville to purchase drugs. Ms. Doggett accompanied them on a couple of trips. On each trip, they purchased between twenty and thirty Dilaudid tablets. The Defendant admitted that some of the pills had been distributed to others inside the hotel room, but the Defendant denied any involvement in the distribution of Dilaudid.

Judy Doggett, who pled guilty to similar drug charges prior to the Defendant's trial, testified that she was staying with her ex-husband, the Defendant, in room 110 at the Celebration Inn in December 1999. During their stay, Ms. Dogget twice accompanied the Defendant and Phil Bowden to Nashville to purchase pills. On the first trip, they purchased forty to sixty pills, and on the second trip, they purchased twenty to thirty pills. Mr. Bowden would actually purchase the pills, and he would hand them to the Defendant. Ms. Doggett furnished the money to purchase the pills on the first trip, and all three contributed money for the purchases on the second trip. They paid approximately $13 per pill. The three then returned to room 110. According to Ms. Doggett, both she and the Defendant sold pills out of room 110 to four individuals: Andy Brown, Shawn Whaley, Phil Bowden, and another individual whose name she could not remember. Ms. Doggett testified that these individuals frequently came to room 110 to purchase pills. They also called often. While Ms. Doggett was staying in room 110, she, the Defendant, and Phil Bowden injected drugs daily. Ms. Doggett testified that she alone used three to six pills a day. She did not know how much the Defendant or Mr. Bowden used per day.

Shawn Whaley testified that he knew the Defendant and that he had gone to the Celebration Inn to purchase pills from the Defendant. Mr. Whaley asserted that he purchased Dilaudid from the Defendant at the Celebration Inn fifteen to twenty times. He paid the Defendant $25 to $30 per pill.

Millie Miller, the owner of the Celebration Inn, testified that the Defendant rented a room from her in December 1999. Judy Doggett also stayed in the room. According to Ms. Miller, there were "[a] lot of different people coming in and out of the [Defendant's] room" on a daily basis, and they would stay short periods of time. There was also an "[e]xtremely high volume of calls to the room."

## SUFFICIENCY OF THE EVIDENCE

The Defendant argues that the evidence was insufficient to prove that he possessed illegal drugs with the intent to sell them. While he does not directly address the conspiracy conviction, his argument that he lacked the intent to sell also applies to that conviction, because without the intent to sell controlled substances, he could not be found guilty of conspiracy to possess a controlled

substance with the intent to sell. Specifically, the Defendant claims (1) that the evidence failed to establish that he had the requisite intent to sell and (2) that there was insufficient evidence to corroborate the testimony of Judy Doggett, an accomplice, regarding the requisite intent of the Defendant.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Tennessee Code Annotated section 39-17-417(a)(4) makes it an offense for a defendant to knowingly "[p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." The Defendant was specifically charged with two counts of possession of a controlled substance with intent to sell and also conspiracy to possess a controlled substance with intent to sell. See Tenn. Code Ann. § 39-12-103 (setting forth requirements for criminal conspiracy). He asserts on appeal that the evidence established simple possession and casual exchange, but failed to establish that he had the requisite intent to sell. The statute regarding simple possession and casual exchange makes it an offense "for a person to knowingly possess or casually exchange a controlled substance." Id. § 39-17-418. A "'casual exchange' contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. Money may or may not be involved." State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998). The Defendant claims that the evidence presented at trial shows only that three individuals were engaged in using drugs at a hotel room and that those individuals shared their drugs with three other individuals in a "party" type environment; thus, the Defendant reasons that the evidence failed to show his intent to sell the drugs to others. While acknowledging that the evidence shows consistent use of the purchased drugs by the

Defendant, Judy Doggett, and Phil Bowden, we disagree with the Defendant that this evidence precludes the conclusion that the Defendant also intended to sell the drugs.

In his statement to Director Lane, the Defendant admitted being a Dilauded addict and using Dilauded. He also admitted that he, Phil Bowden, and Judy Doggett made multiple trips to Nashville to purchase pills. Although the Defendant denied involvement, he acknowledged that some of those pills were distributed to others from room 110 at the Celebration Inn. Furthermore, Judy Dogget testified that both she and the Defendant used and sold pills acquired in Nashville from room 110. The pills were sold to Phil Bowden, who accompanied them to acquire the pills, and to three others. One of the other individuals was Shawn Whaley, who testified that he purchased pills from the Defendant on fifteen to twenty occasions at the Celebration Inn, and he paid the Defendant $25 to $30 per pill. According to Ms. Doggett, the pills were purchased for $13 per pill; therefore, the evidence established that the Defendant was selling the pills for a profit. From this evidence, we believe that a rational jury could have found beyond a reasonable doubt that the Defendant had the requisite intent to sell. Accordingly, the evidence was sufficient to support the Defendant's convictions for possession of a controlled substance with intent to sell and conspiracy to possess a controlled substance with intent to sell.

The Defendant also claims that there was insufficient evidence to corroborate the testimony of Judy Doggett, an accomplice, as to the element of intent. It is well settled in Tennessee that a conviction cannot be based upon the uncorroborated testimony of an accomplice. State v. Stout, 46 S.W.3d 689, 696-97 (Tenn. 2001); State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). An accomplice is "'a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime.'" State v. Caldwell, 977 S.W.2d 110, 115 (Tenn. Crim. App. 1997) (quoting Clapp v. State, 30 S.W. 214, 216 (Tenn. 1895)). To corroborate the testimony of an accomplice,

> there must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence. The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight and entitled, when standing alone, to but little consideration.

Bigbee, 885 S.W.2d at 803 (quoting State v. Gaylor, 862 S.W.2d 546, 552 (Tenn. Crim. App. 1992)).

Clearly, Ms. Doggett was an accomplice to the two offenses of possession of a controlled substance with intent to sell and also to the offense of conspiracy to possess a controlled substance

with intent to sell. She testified she went with the Defendant to Nashville on two occasions to purchase pills and that both she and the Defendant sold pills out of room 110. However, we conclude that there was sufficient evidence to corroborate her testimony. Although denying involvement, the Defendant admitted that drugs were being distributed from his hotel room. The Defendant also admitted going to Nashville to procure the drugs. Shawn Whaley testified that he purchased pills from the Defendant on fifteen to twenty occasions at the Defendant's hotel room. Ms. Miller, the owner of the Celebration Inn, testified that there was a high volume of phone calls to the Defendant's room and that there were many people visiting the Defendant's room daily for short periods of time. Fifty-three pills containing controlled substances were recovered from the Defendant's hotel room. This evidence was sufficient to corroborate Judy Doggett's testimony that the Defendant sold drugs from room 110 of the Celebration Inn and to support the conclusion that the Defendant possessed and conspired to possess drugs with intent to sell them. Thus, this issue is without merit.

## LESSER INCLUDED OFFENSE

The Defendant also asserts that it was error for the trial court to fail to instruct the jury on the offense of casual exchange. While the trial court instructed the jury on the offense of simple possession as a lesser included offense of possession with intent to sell, the court did not instruct the jury on the offense of casual exchange, which is set forth in the same statute as simple possession. See Tenn. Code Ann. § 39-17-418. Although the Defendant did not request such an instruction, a trial court is under the mandatory duty to instruct the jury on a lesser included offense, even if such an instruction is not requested, when "any evidence exists that reasonable minds could accept as to the lesser-included offense" and when that evidence is "legally sufficient to support a conviction for the lesser-included offense." State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999); see also Tenn. Code Ann. § 40-18-110(a). However, the Defendant also did not raise the issue in his motion for a new trial. Pursuant to Rule 3(e) of the Tennessee Rules of Appellate Procedure,

in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Because the Defendant failed to include the issue in his motion for a new trial, he has waived the issue on appeal.

Nevertheless, the Defendant urges us to conclude that the failure to instruct the jury on the lesser offense constitutes plain error. Tennessee Rule of Criminal Procedure 52(b) provides that "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." In State v. Adkisson, 899 S.W.2d 626 (Tenn. Crim. App. 1994), this Court set forth the following prerequisites for finding "plain error":

(a) the record must clearly establish what occurred in the trial court;

(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused did not waive the issue for tactical reasons; and
(e) consideration of the error is "necessary to do substantial justice."

Id. at 641-42 (footnotes omitted). Our supreme court formally adopted this test in State v. Smith, 24 S.W.3d 274 (Tenn. 2000), emphasizing that all five factors must be established before plain error will be recognized. Id. at 282-83. After reviewing the record below and the applicable law, we conclude that the failure of the trial court to instruct the jury on the offense of casual exchange is plain error. The record below clearly establishes what occurred in the trial court, and it does not appear that the Defendant waived consideration of the issue for tactical reasons. As will be explained further below, a clear and unequivocal rule of law was breached because a trial court is under the mandatory duty to instruct on all lesser offenses. The failure to so instruct the jury adversely affected the Defendant's constitutional right to trial by jury, and we believe that consideration of the error is "necessary to do substantial justice" in this case. Accordingly, we will consider this issue under the plain error doctrine as set forth in Adkisson. See Adkisson, 899 S.W.2d at 641-42.

In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), our supreme court adopted a new three-part test for determining whether an offense is a lesser included offense. See id. at 466-67. Under the Burns test, an offense is a lesser included offense if:
    (a) all of its statutory elements are included within the statutory elements of the offense charged; or
    (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
    (1) a different mental state indicating a lesser kind of culpability; and/or
    (2) a less serious harm or risk of harm to the same person, property or public interest; or
    (c) it consists of
    (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
    (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
    (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id.

The Defendant was charged in this case with two counts of possession of a controlled substance with intent to sell. See Tenn. Code Ann. § 39-17-417(a)(4). The elements of that offense are (1) a knowing mental state; (2) possession of a controlled substance; and (3) intent to sell that controlled substance. See id. The statute regarding simple possession and casual exchange provides:

"It is an offense for a person to knowingly possess or casually exchange a controlled substance."[1] Id. § 39-17-418(a). Thus, the elements of a casual exchange are (1) a knowing mental state and (2) a casual exchange of a controlled substance. See id. Applying the Burns test, we conclude that casual exchange is not a lesser included offense of possession with intent to sell under part (a) of the test because it contains an additional element not included in possession with intent to sell: an exchange. See Burns, 6 S.W.3d at 466-67. Nevertheless, we also conclude that casual exchange is a lesser included offense under part (b) of the test because the additional element establishes a different mental state indicating a lesser kind of culpability and a less serious harm or risk of harm to the same public interest. See id. at 467.

"A 'casual exchange' contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. Money may or may not be involved." State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998). Although the offense of casual exchange requires the passing of drugs, while possession with intent to sell does not, the mental state inherent in the spontaneous passing of a small amount of drugs embodies a lesser kind of culpability on the part of the accused than does possession of drugs with intent to sell. See State v. Ely, __ S.W.3d __, __ (Tenn. 2001) (stressing that the requirement for a different mental state does not necessarily mean a less culpable mental state, but rather a lesser kind of culpability overall). Additionally, as evidenced by the classification of casual exchange as a misdemeanor while possession with intent to sell a controlled substance is a felony, a spontaneous passing of a small amount of drugs is a less serious harm to the public interest of prohibiting the use of illegal drugs than possessing drugs with intent to sell them. See Tenn. Code Ann. §§ 39-17-417, -418. Therefore, casual exchange is a lesser included offense of possession with intent to sell.

Having determined that casual exchange is a lesser included offense of possession with intent to sell, we must now determine whether it was error not to charge it. In Burns, our supreme court set forth the following test for determining whether a lesser included offense should be instructed:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Burns, 6 S.W.2d at 469. Looking at the evidence liberally in the light most favorable to the lesser included offense, we conclude that evidence exists that reasonable minds could accept as to the lesser offense and that the evidence is sufficient to support a conviction on the lesser offense. The evidence clearly establishes that the Defendant, Ms. Doggett, and Mr. Bowden were using controlled

---

[1] The statute further provides that knowing possession or casual exchange of a controlled substance is not an offense if "the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." Tenn. Code Ann. § 39-17-418(a).

-8-

substances daily in the Defendant's hotel room. The Defendant admitted to the police that he was addicted to Dilauded. During the nine days that they were in the hotel room, the Defendant made multiple trips to Nashville to purchase more pills. Ms. Doggett testified that both she and the Defendant sold some of the pills from the hotel room, but those sales were limited to four people. One of the four people was Mr. Bowden, who accompanied the Defendant to Nashville to purchase the pills and who used them daily in the hotel room. Thus, Ms. Doggett and the Defendant sold only to three other people, and money may be involved in a casual exchange. See Copeland, 983 S.W.2d at 708. Ms. Doggett herself was using three to six pills per day, and there were multiple syringes and "tie-offs" found by the police. Mr. Whaley, who testified that he went to the hotel fifteen to twenty times to purchase more pills, was purchasing those pills from persons who were engaged in continual use of illegal drugs. From this evidence, it is entirely possible that a rational jury could have concluded that the delivery of drugs to other individuals from the hotel room occurred in a "party" type situation, where the individuals were spending time together using drugs. Thus, it was error for the trial court to fail to instruct the jury on the offense of casual exchange.

In this case, the proof clearly showed that the Defendant possessed drugs. If he possessed those drugs with the additional intent to sell or deliver them to other people, he was guilty of felony drug possession. If, however, he possessed those drugs with the additional intent only to casually exchange them to others, he was guilty only of misdemeanor drug possession. It was for the jury to determine whether the Defendant was guilty of (1) possession with intent to sell or deliver, or (2) simple possession (which may include a "casual exchange" and/or the intent to "casually exchange.") The jury should have been instructed concerning the definition of "casual exchange" and thus informed that a "casual exchange" is not a "sale or delivery."

In the recent case of State v. Ely, __ S.W.3d __ (Tenn. 2001), our supreme court held that the constitutional right to trial by jury "is violated when the jury is not permitted to consider all offenses supported by the evidence." Id. at __. The court thus maintained that the proper inquiry for appellate courts in determining whether the failure to instruct the jury on a lesser included offense is reversible error is "whether the error is harmless beyond a reasonable doubt." Id. Here, the Defendant was charged with possession of a controlled substance with the intent to sell, and the trial court instructed the jury on the lesser included offense of simple possession. However, the jury was not instructed on the lesser offense of casual exchange.[2] Had the jury been instructed on the offense of casual exchange and further instructed on the difference between a sale and a casual exchange, it may have determined that although the Defendant possessed controlled substances, he did not have the intent to sell those controlled substances; rather, the exchanges that were occurring in the hotel

---

[2]We find the harmless error analysis set forth in State v. Williams, 977 S.W.2d 101 (Tenn. 1998), to be inapplicable to this case. In Williams, the defendant was charged with first degree murder, and the jury was instructed on the lesser included offense of second degree murder. Id. at 106. The supreme court reasoned that because the jury rejected the immediately lesser offense of second degree murder, it "necessarily rejected all other lesser offenses, including voluntary manslaughter"; therefore, the failure to instruct the jury on the offense of voluntary manslaughter was harmless error. See id; see also State V. Bowles, __ S.W.3d __ (Tenn. 2001). In this case, the jury was instructed on the lesser included offense of simple possession, but the same analysis does not apply because casual exchange is not a lesser offense than simple possession. See Tenn. Code Ann. § 39-17-418(a).

room were in the nature of a casual exchange. Thus, we cannot say that the failure to instruct on the lesser offense was harmless beyond a reasonable doubt.

Additionally, while not directly addressed by the Defendant, we believe that the failure of the trial court to instruct the jury on the offense of casual exchange may have also affected the Defendant's conviction for conspiracy to possess a controlled substance with intent to sell. The instruction on casual exchange would have gone to the heart of the issue in this case: whether the Defendant possessed the requisite intent to sell. Moreover, Tennessee Code Annotated section 39-17-419 explicitly provides:

> It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. <u>It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of a controlled substance or substances that the controlled substance or substances so exchanged were possessed not with the purpose of selling or otherwise dispensing in violation of the provisions of § 39-17-417(a)</u>. Such inferences shall be transmitted to the jury by the trial judge's charge, and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty.

(emphasis added). Although the statute states that such inferences "shall" be given to the jury, the jury in this case was not instructed on the inferences. Had the jury been so instructed, it may have inferred that the exchanges between the Defendant and the three other persons, like Shawn Whaley, were more like a casual exchange. It does not appear from the record that Mr. Whaley purchased a large amount of Dilauded from the Defendant at a time; rather, Mr. Whaley testified that he made fifteen to twenty trips to the Defendant's hotel room to acquire more pills. While Mr. Whaley made many trips for more pills, the jury could have determined that each trip involved a casual exchange of a small amount of a controlled substance between friends in a party type environment and that the Defendant lacked the intent to sell controlled substances. Therefore, if the jury inferred that the deliveries of drugs made by the Defendant were casual exchanges, it may have rejected the theory that the Defendant conspired to possess drugs with the intent to sell. Based on the record before us, we cannot say that the failure of the trial court to instruct the jury on the offense of casual exchange and the inferences to be made from evidence of a casual exchange was harmless beyond a reasonable doubt as to the offense of conspiracy to possess a controlled substance with intent to sell. While it may not be highly probable that the jury would have convicted of the lesser offense, we believe that it is reasonably possible that it would have done so.

Accordingly, the Defendant's convictions for possession of a controlled substance with intent to sell and his conviction for conspiracy to possess a controlled substance with intent to sell are hereby reversed, and this case is remanded to the trial court for retrial on those offenses.

_____
DAVID H. WELLES, JUDGE